## Ambler Spring Water Company v. Marple

*Ditter & Menges*, for plaintiff.
*Wm. S. Acuff*, for defendant.

CORSON, J., April 29, 1935.—Plaintiff has filed a statement of claim alleging itself to be a public service corporation furnishing water service in the Borough of Ambler; that it furnished water to the defendant, and that under the rates of the company the defendant owes $43.28.

The defendant has filed an affidavit of defense admitting all the facts set forth in the plaintiff's statement of claim but alleging a set-off to an amount greater than plaintiff's claim. This alleged set-off is based upon the allegation that the plaintiff public service company had made certain illegal charges during the years 1923 to 1932 inclusive. Defendant attempts in this proceeding to 'set off the amount of such allegedly illegal charges against the plaintiff's claim.

The plaintiff contends that such alleged set-off is improper and that judgment should be entered in favor of the plaintiff. Plaintiff's contention is covered by section 5 of article v of the Act of July 26, 1913, P. L. 1374, known as The Public Service Company Law. Under this act of assembly, the Public Service Commission is given sole jurisdiction to determine the propriety of rates fixed, and charges made, by public service companies for services rendered.

In the present proceedings this court is therefore without jurisdiction to determine the propriety of the alleged illegal rate which the defendant avers was collected by the plaintiff. Under the Act of 1913, supra, the only time

that this court would have jurisdiction would be after the Public Service Commission had made an order of reparation in favor of the defendant, awarding and directing the payment of a certain amount of money by the public service company to the complainant. If the public service company did not comply with such an order within the time fixed, suit might be brought upon such order in a court of common pleas. Admittedly, such an order of reparation has not been awarded to the defendant, and this court is therefore without jurisdiction.

This case may be distinguished from a recent case decided by this court in a suit by a property owner against the Cheltenham & Abington Sewerage Company: Darling v. Cheltenham & Abington Sewerage Co., 24 D. & C. 131. In that case, we held that the question of the propriety of rates did not have to be passed upon by the commission because of the fact that under the findings of the Supreme Court the Sewerage Company never owned, or had title to, the sewers for the use of which the householders were charged. In such a case, we decided that the public service company had no right to charge any rates whatever, and that moneys paid by the householders were paid under a mutual mistake of fact as to the rights of the parties. In the present suit, however, no such question is raised, and upon the pleadings the plaintiff's motion must be allowed.

And now, April 29, 1935, plaintiff's affidavit of defense raising questions of law to the set-off and counterclaim is sustained; the questions of law raised therein are decided in favor of the plaintiff, and judgment is directed to be entered in favor of the plaintiff for the amount set forth in plaintiff's statement of claim.

From Aaron S. Swartz, Jr., Norristown.